UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EVAN PETROS, Individually,             :
                                            :

          Plaintiff,              :
                                            :

v.                                  :     Case No. 2:14-cv-13009
                                            :

RED ROBIN INTERNATIONAL, INC.    :
A Foreign Corporation             :
                                            :

         Defendant.           :
_____/ :

## COMPLAINT

Plaintiff, Evan Petros (hereinafter "Plaintiff"), hereby sues the Defendant, Red Robin International, Inc., a Foreign Corporaation (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiff states:

1.     This action is brought by Evan Petros, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq., against the owners and/or operators of Red Robin restaurant.

2.     This Court has jurisdiction pursuant to the following statutes:

         a.     28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

b.       28 U.S.C. §1331, which gives District Courts original jurisdiction over

civil actions arising under the Constitution, laws or treaties of the United States; and

c.       28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over

actions to secure civil rights extended by the United States government.

3.       Venue is proper in this judicial district and division. Defendant does business in the State

of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district

and division.

## PARTIES

4.       Plaintiff Evan Petros is a resident of Macomb County, suffers from polio, uses a

wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C.

12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

5.       Plaintiff Evan Petros is substantially limited in performing one or more major life

activities, including but not limited to, walking and standing.

6.       Plaintiff Evan Petros, on several occasions, has been to the Red Robin restaurant, located

at 31805 John R Road Madison Heights, Michigan.

7.       Plaintiff Evan Petros was a patron at the Red Robin restaurant on April 18, 2014.

8.       Red Robin restaurant is a place of public accommodation within the meaning of Title III

of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

9.       Defendant owns, leases, leases to, or operates Red Robin restaurant and is responsible for

complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

10.     Plaintiff realleges paragraphs one (1)  through eleven (9) of this Complaint and incorporates them here as if set forth in full.

11.     Plaintiff lives in very close proximity to the property, has visited the property which forms the basis of this lawsuit, has been back to the property since then, and has plans to return on a regular basis to avail herself of the goods and services offered to the public at the property.

12.     There are numerous architectural barriers present at Red Robin restaurant that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Red Robin restaurant are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

13.     Elements and spaces to which there are barriers to access at Red Robin restaurant include, but are not necessarily limited to:

        a.      The designated accessible parking space has an access aisles that is not wide enough for an individual in a wheelchair to utilize.

        b.      The accessible parking spaces have excessively steep slopes that create a dangerous condition for an individual in a wheelchair.

        c.      There is only one entrance to the sidewalk from the parking area.

        d.      There is an excessively steep cross slope on the curb ramp that creates a dangerous condition for an individual in a wheelchair.

        e.      The curb ramp intrudes into an access aisle, which makes it unusable for an individual in a wheelchair.

f.      The curb ramp has an excessively steep cross slope that creates a dangerous

condition for an individual in a wheelchair.

g.      The curb ramp has an excessively steep slope that creates a dangerous condition

for an individual in a wheelchair.

h.      There is no level landing at the top of the ramp for an individual in a wheelchair

to utilize.

i.      The surface of the accessible parking space is uneven, thus creating a dangerous

condition for an individual in a wheelchair.

14.     The discriminatory violations described in paragraph 13 of this Complaint were

personally encountered by Plaintiff. The Plaintiff, and all other mobility-impaired individuals

similarly situated have been denied access to, and have been denied the benefits of, services,

programs and activities of the Defendants' buildings and facilities, and have otherwise been

discriminated against and damaged by the Defendants because of the Defendants' ADA

violations, as set forth above.

15.     The Plaintiff, and all others similarly situated, will continue to suffer such discrimination,

injury and damage without the immediate relief provided by the ADA as requested herein. The

Plaintiff, and all other individuals similarly situated, have been denied access to, and have been

denied the benefits of services, programs and activities of the Defendants' buildings and its

facilities, the opportunity to use such elements, and have otherwise been discriminated against

and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

16.     Plaintiff has standing to sue for every barrier to access for the mobility-impaired that

exists on the subject premises. Evan Petros has standing to require that all barriers to access on

the property for the mobility-impaired are corrected, not merely only those Evan Petros

personally encountered.

17.     Defendants' failure to remove the architectural barriers identified in paragraph thirteen

(13) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188

(b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

18.     It would be readily achievable for the Defendant to remove the architectural barriers

identified above.

19.     Defendant is required to remove the existing architectural barriers to the physically

disabled when such removal is readily achievable for its place of public accommodation that

have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an

alteration to Defendant's place of public accommodation since January 26, 1992, then the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of the

facility are readily accessible to and useable by individuals with disabilities, including

individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one

which was designed and constructed for first occupancy subsequent to January 26, 1993, as

defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and

useable by individuals with disabilities as defined by the ADA.

20.     The Defendant has discriminated against Plaintiff by denying her access to, and full and

equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations

of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

21.     Defendant continues to discriminate against the Plaintiff, and all those similarly situated,

by failing to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages

or accommodations to individuals with disabilities.

22.      Evan Petros has a realistic, credible, existing and continuing threat of discrimination from

the Defendants' non-compliance with the ADA with respect to this property as described, but not

necessarily limited to, the allegations in paragraph 13 of this Complaint. Plaintiff has reasonable

grounds to believe that she will continue to be subjected to discrimination in violations of the

ADA by the Defendants.

23.      Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes

compliant with the ADA, unless she is willing to suffer further discrimination.

24.      Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff

has retained the undersigned counsel and is entitled to recover attorney's fees, costs and

litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25.      Notice to Defendant is not required as a result of the Defendant's failure to cure the

violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

and gross receipts of $500,000 or less).  All other conditions precedent have been met by

Plaintiffs or waived by the Defendant.

26.      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff

Injunctive Relief, including an order to require the Defendant to make the property readily

accessible and useable to the Plaintiff and all other persons with disabilities as defined by the

ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE PDCRA

27.     Plaintiff realleges paragraphs one (1)  through twenty-six (26) of this Complaint and incorporates them here as if set forth in full.

28.     The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

29.     Plaintiff has desired and attempted to enjoy the goods and services at Save-Mart Food Center as a customer. She has been prevented from doing so due to the existing architectural barriers at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided for in MCL 37.1606.

30.     As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

## PRAYER FOR RELIEF

32.     Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.      Declare that Defendant has violated title III of the Americans with Disabilities

Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities

Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

        i.      by failing to bring Red Robin restaurant into compliance with the

Standards where it is readily achievable to do so; and

        ii.      by failing to take other readily achievable measures to remove

architectural barriers to access when it is not readily achievable to comply fully

with the Standards.

B.      Order Defendant:

        i.      to make all readily achievable alterations to the facility; or to make such

facility readily accessible to and usable by individuals with disabilities to the

extent required by the ADA;

        ii.      to make reasonable modifications in policies, practices or procedures,

when such modifications are necessary to afford all offered goods, services,

facilities, privileges, advantages or accommodations to individuals with

disabilities

C.      Award damages to Evan Petros who has been aggrieved and injured by the illegal

acts of discrimination committed by Defendant;

        D.      Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205 and MCL 37.1606.

        E.      Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,


By: /s/ Pete M. Monismith_____
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
MI Bar P78186